

# NUMBER 13-13-00044-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ANSLEY OSHAN BOGANY,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 75th District Court
### of Liberty County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Ansley Oshan Bogany appeals from his conviction for possession of a

controlled substance.[1]   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Pursuant to a plea agreement, Bogany pleaded guilty, and the trial court adjudicated him guilty, sentenced him to ten years in the Texas Department of Criminal Justice–Institutional Division (TDCJ-ID), imposed a fine of $1,500.00, suspended his sentence, and placed him on community supervision for six years.

The State filed its second motion to revoke Bogany's community supervision and impose sentence, alleging various violations of Bogany's community supervision. The trial court conducted a hearing on the State's motion to revoke. Bogany pleaded "not true" to all allegations. At the conclusion of the hearing, the trial court found that Bogany had violated the terms and conditions of his community supervision as set out in allegations 1, 2, 3, and 4 of the State's motion, revoked his probation, and assessed punishment at eight years in the TDCJ—ID. Bogany appeals from this judgment.

Determining that there are no meritorious claims for appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. Compliance with *Anders*

Pursuant to *Anders v. California,* Bogany's counsel filed a brief stating that he has thoroughly reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which the appeal can be predicated. *See* 386 U.S. at 744–45. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of

2

error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Bogany's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, this is a frivolous appeal. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and the motion to withdraw on Bogany, (3) providing Bogany with a copy of the reporter's record and the clerk's record, and (4) informing Bogany of his right to review the records in his case and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Bogany filed a pro se response alleging that the original indictment had expired and was frivolous, that he was "under the influence" when he was arrested and, thus, incompetent to stand trial a week later, his counsel was ineffective because he coerced Bogany into "signing for probation," the court failed to admonish Bogany of the consequences of his plea, and there was no evidence to support the State's motion to revoke. The State filed its brief in response to counsel's *Anders* brief and Bogany's pro se response. The State

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

expressed agreement with appellate counsel's conclusion that this appeal is frivolous.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, Bogany's pro se response, and the State's responsive brief, and we have found nothing that would arguably support an appeal.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a

---

[3] Although appellant's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy. Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); *Ex parte Torres*, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.").

brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on March 21, 2013. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Bogany and to advise Bogany of his right to pursue a petition for review.[4]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.  CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of May, 2013.

---

[4] No substitute counsel will be appointed.  Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.